GABIER *v.* COLEMAN ET AL.

[No. 16,738.   Filed March 24, 1942.]

*Thomas A. Daily, Wilson S. Daily,* and *John H. Daily,* all of Indianapolis, for appellant.

*Frank A. Symmes, Otto W. Cox,* and *James A. Collins,* all of Indianapolis, for appellees.

STEVENSON, J.—The appellant brought this action against the appellees to recover the possession of certain real estate owned by her.

The complaint alleges that the appellees leased the real estate for a period of one month beginning December 15, 1937, which tenancy expired on January 15, 1938. The complaint charges that the appellees have unlawfully held possession of said premises since said date. To this complaint an answer in general denial was filed. The case was submitted to the court for trial, and the court, after hearing the evidence, found for the appellees and against the appellant on her complaint. Judgment was entered accordingly. A motion for new trial was filed and overruled, and this appeal has been perfected. The only error assigned on appeal is the alleged error in overruling the appellant's motion for a new trial. Under this assignment, the appellant challenged the sufficiency of the evidence to sustain the decision.

A review of the evidence discloses that the appellees, in October, 1937, purchased from a former tenant the household furnishings with which a rooming house was being operated on the leased premises. At that time the appellees leased the property from the agent of the owner under a contract to pay $40.00 a month for the same with heat and water furnished. No definite term was fixed for this lease and nothing was said as to the time for the payment of the monthly rental. About a week after the appellees entered into possession of the leased premises, the heating plant became defective and no heat was furnished for some time. The appellees paid to the former tenant $19.98 in payment of rent until November 15th, 1937. The rent beginning Novem-

ber 15th was paid by a check of $25.00 and a credit of $25.00 for lack of heat was allowed, in discharge of the rent to December 15th. On December 15th a payment of $25.00 was made, and on January 14th or 15th another $25.00 was paid.

The appellant received a deed to the premises in question on January 20th, 1938, and this suit was instituted on the 31st day of January, 1938.

The appellant contends that the evidence conclusively established a contract which created a tenancy from month to month with rent payable in advance. The appellant further contends that failure to pay the rent on January 15, 1938, operated to terminate the tenancy, and no notice to quit was necessary.

We cannot say, as a matter of law, that the evidence conclusively establishes the facts on which the appellant bases her contention. The evidence is in conflict as to the length of the tenancy agreed upon between the parties, and it is also in conflict as to the stipulation that rent was to be paid in advance. The burden was upon the appellant to establish these facts, in order to dispense with the necessity of written notice to terminate the lease. Our statute provides that:

> "Where the landlord agrees with the tenant to rent the premises to him for a specified period of time; or where the time for the determination of the tenancy is specified in the contract; or where a tenant at will commits waste; or in the case of a tenant at sufferance; or where, by the express terms of the contract, the rent is to be paid in advance, and the tenant has entered and refuses or neglects to pay the rent; and, in any case, where the relation of landlord and tenant does not exist— no notice to quit shall be necessary." § 3-1620, Burns' 1933.

It is our opinion that the evidence in this case is insufficient to conclusively establish any one of the above statutory provisions which renders unnecessary the service of a notice to quit. In the absence of such proof, no reversible error was committed in overruling the appellant's motion for a new trial. Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

NOTE.—Reported in 40 N. E. (2d) 387.